NO.
12-06-00317-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 

THE STATE OF TEXAS FOR
THE 

BEST INTEREST AND
PROTECTION    §          COUNTY COURT AT LAW OF

OF M.S.

§          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Appellant
M.S. appeals from an order to administer psychoactive medication.  After a hearing without a jury, the trial
court entered an order authorizing the Texas Department of Mental Health and
Mental Retardation to administer psychoactive medication to M.S.  In one issue, M.S. asserts that the evidence
is legally and factually insufficient to support the order.  We affirm.

 

Background

            On
August 8, 2006, the trial court entered an order requiring M.S. to submit to
temporary inpatient mental health services. 
On August 17, 2006, Dr. Robert Bouchat filed an application requesting
the court order an authorization for the administration of psychoactive
medication to M.S.  The application
recites that M.S. suffers from schizoaffective disorder.  Dr. Bouchat indicated that M.S. verbally and
by other indication refuses to take the medication voluntarily.  The doctor believes M.S. lacks the capacity
to make a decision regarding administration of psychoactive medication because
she is delusional, manic, often agitated, and devoid of insight.  Dr. Bouchat determined that the requested
medication is the proper course of treatment for M.S. and with this treatment
her prognosis is fair.  Without the
requested treatment, M.S. will become more aggressive.  Medical alternatives would not be as
effective as administration of psychoactive medication and the benefits of
psychoactive medication outweigh the risks.








            Dr.
Bouchat testified at the hearing, stating that M.S., who is receiving court
ordered temporary mental health services, has refused to take her medications
voluntarily and, although she recently accepted some medication that was
offered to her, lacks the capacity to make a decision regarding the
administration of psychoactive medications. 
Dr. Bouchat testified that the medications indicated in the exhibit
attached to the application are in the proper course of treatment for M.S. and
in her best interest.  He stated that
M.S. would likely benefit from taking these medications and the benefits
outweigh the risks.  M.S.’s hospital stay
would likely be shortened if medications are used.  The doctor testified that there are no less
intrusive means for obtaining the same or similar results as with the
psychoactive medication.

            On
cross examination, Dr. Bouchat said that M.S. consented to take certain
medications.  However, she does not have
insight and is likely to be argumentative if any changes are made in her
medication.  He explained that, while she
consented to the medication, she more or less tells the staff which medications
she will allow them to give her and in what doses.  Dr. Bouchat explained that she has the
capacity to appreciate the need for some medication and to understand the side
effects and benefits of the medication. 
But she takes the medication to appease the treatment team, not to seek
treatment for her mental illness.  The
doctor felt that she could rescind permission at any time. After hearing Dr.
Bouchat’s testimony, the trial court granted the application and entered an
order to administer psychoactive medication for the period of temporary
commitment.

 

Sufficiency
of the Evidence

            In
her sole issue, M.S. asserts the evidence is neither legally nor factually
sufficient to support the order to administer psychoactive medication.  She contends that the State did not prove by
clear and convincing evidence that she lacks the capacity to make a decision regarding
administration of psychoactive medication.

Standard of Review

            In
a legal sufficiency review where the burden of proof is clear and convincing
evidence, the reviewing court must consider all of the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002).  The reviewing court
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so.  Id.  A court should disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been
incredible.  Id. 

            In
addressing a factual sufficiency of the evidence challenge, we must consider
all the evidence in the record, both in support of and contrary to the trial
court’s findings.  In re C.H.,
89 S.W.3d 17, 27-29 (Tex. 2002).  This
court must give due consideration to evidence that the factfinder could
reasonably have found to be clear and convincing.  Id. at 25.  We must determine whether the evidence is
such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations.  Id.  We must consider whether disputed evidence is
such that a reasonable trier of fact could not have reconciled that disputed
evidence in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266. 
Appellate courts retain deference for the constitutional roles of the
factfinder.  In re C.H., 89
S.W.3d at 26.  The trier of fact is the
exclusive judge of the credibility of the witnesses and the weight to be given
their testimony.  See id.
at 27; In re J.J.O., 131 S.W.3d 618, 632 (Tex. App.–Fort Worth
2004, no pet.).

Applicable Law and Analysis

            The
court may enter an order authorizing the administration of psychoactive
medication if it finds by clear and convincing evidence that the patient is
under an order to receive inpatient mental health services, the patient lacks
the capacity to make a decision regarding the administration of the proposed
medication, and treatment with the proposed medication is in the best interest
of the patient.  Tex. Health & Safety Code Ann. § 574.106(a), (a-1)
(Vernon Supp. 2006).  The Health and
Safety Code defines capacity as a patient’s ability to understand the nature and
consequences of a proposed treatment, including the benefits, risks, and
alternatives to the proposed treatment, and make a decision whether to undergo
the proposed treatment.  Tex. Health & Safety Code Ann. §
574.101(1) (Vernon 2003).

            Dr.
Bouchat testified that M.S. was, at the time of the hearing, under an order for
temporary mental health services.  He
stated that M.S. suffers from schizoaffective disorder and lacks the capacity
to make a decision regarding administration of psychoactive medication.  The medications are in M.S.’s best interest,
the benefits outweigh the risks, and her hospital stay would be shortened if
medications are used.  Dr. Bouchat stated
in his application that M.S. is unable to make a decision regarding
administration of psychoactive medication because she is delusional, manic,
often agitated, and devoid of insight. 
At the hearing, he testified that M.S. tells the staff which medications
she will allow and in what doses.  The
doctor explained that she does not agree to the medication in order to treat
her mental illness.  

            Considering
all the evidence in the light most favorable to the findings, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that
M.S. lacked the capacity to make a decision regarding administration of the
proposed medication and that the proposed medication is in M.S.’s best
interest.  See In re J.F.C.,
96 S.W.3d at 266.  This evidence
satisfies the statutory requirement for clear and convincing evidence in
support of the order for administration of psychoactive medication.  See Tex.
Health & Safety Code Ann. § 574.106(a),(a-1).  The evidence is legally sufficient to support
the trial court’s order.  See In re
J.F.C., 96 S.W.3d at 266.

            In
addressing M.S.’s factual sufficiency complaint, we consider all the evidence,
giving due consideration to evidence the factfinder could reasonably have found
to be clear and convincing.  In re
C.H., 89 S.W.3d at 25.  Dr.
Bouchat testified that M.S. consented to take certain medication, she has the
capacity to appreciate the need for some medication, and she can understand the
side effects and benefits of the medication. 
However, she has not agreed to take any and all prescribed medication
and she does not take medication to treat her mental illness but, rather, for
an unrelated reason.  Even though she
exhibits some understanding of some of the factors involved in determining the
appropriateness of medication, due to the symptoms of her mental illness, she
is still unable to make a decision whether to undergo the proposed
treatment.  See Tex. Health & Safety Code Ann. §
574.101(1).  In light of the entire
record, the evidence that the trial court could not have credited in favor of
its findings is not so significant that the trial court could not reasonably
form a firm belief or conviction that M.S. lacks the capacity to make a
decision regarding the administration of the proposed medication and that
treatment with the proposed medication is in her best interest.  See In re C.H., 89 S.W.3d at
25.  Thus, the evidence is factually
sufficient to support the trial court’s findings.  See Tex.
Health & Safety Code Ann. § 574.106(a-1).  Because we hold the evidence is both legally
and factually sufficient to support the trial court’s order, we overrule M.S.’s
sole issue.

 

 

Disposition

            We
affirm the trial court’s order for administration of psychoactive
medication.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered December 20, 2006.

Panel consisted of Worthen,
C.J., Griffith, J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)